LYMAN COLTON *vs.* INHABITANTS OF LONGMEADOW.

Before the first of May, A. had determined to abandon his domicil in Massachusetts, and to take up his permanent residence in Pennsylvania, and, in pursuance of that determination, before the first of May, he actually abandoned Massachusetts, and passed into Connecticut, where he remained till after the first of May, and in a few days proceeded to Pennsylvania, where he has since resided. *Held,* that he was not taxable as an inhabitant here on the first of May.

CONTRACT brought to recover back the amount of a tax assessed by the defendants upon the plaintiff for the year 1864, and collected by sale of his personal property.

The following facts were agreed in the superior court: On the 1st of April 1864 the plaintiff was and always had been a resident of Longmeadow, and was subject to taxation there.

That night, his buildings were destroyed by fire, and on the 12th of April he sold all his real and most of his personal estate in the town, and at various times during that month declared his intention of leaving Longmeadow and going to Philadelphia, and so informed one of the assessors. He left Longmeadow for Philadelphia on the 28th of April; reached Hartford, in Connecticut, on the 30th of April, where he was detained a few days by lameness; and then proceeded directly to Philadelphia, where he has since resided. On the 1st of May he was not in Massachusetts, but was in Connecticut, on his way to Philadelphia. Before the first of May, he had determined to leave Longmeadow, with the fixed intention not to return there to reside; and had the intention to go to Philadelphia to reside.

The assessors of Longmeadow for that year assessed a tax upon his poll and his personal estate, as well as upon his real estate. He paid the tax upon his real estate, and the residue of the tax was collected by sale of his personal property.

Upon these facts, judgment was rendered for the defendants, and the plaintiff appealed to this court.

*J. Wells & W. S. Shurtleff,* for the plaintiff.

*H. Morris & C. A. Winchester,* for the defendants.

By THE COURT. The plaintiff on the first day of May 1864 had abandoned his domicil in this state, and had gone beyond its limits, not intending to return here to reside, but intending to take up his residence in the State of Pennsylvania, where he has ever since resided. On said 1st of May he was *in itinere,* but he had absolutely abandoned his residence in this state, and had departed therefrom. If he had still continued within the state he would have been liable to taxation in Longmeadow, although he had actually left that town. *Kilburn* v. *Bennett,* 3 Met. 199. *Bulkley* v. *Williamstown,* 3 Gray, 493. But having departed beyond the limits of the Commonwealth on his way to his new place of residence, he had ceased to be an inhabitant of Longmeadow on the first day of May 1864, so as to be taxable there within the meaning of Gen. Sts. *c.* 11, § 26. This precise point was adjudged in *Briggs* v. *Rochester,* 16 Gray, and this case must be governed by that decision.

*Judgment for the plaintiff.*